## JONAH K. KALANIANAOLE vs. PACIFIC MAIL STEAMSHIP COMPANY.

### October 11, 1905.

*Damages.—Costs:* Costs denied to both parties in a cause of action which was justified by the negligence of the libellee and which did not show the exact amount of the damages, but where there was evident injury.

In Admiralty: Motion for Costs.

W. S. Edings and C. W. Ashford, Proctors for Libellant.
Kinney, McClanahan & Cooper, Proctors for Libellee.

DOLE  J.   The decision on the merits in this case awarded one dollar as damages to the libellant, leaving the question of costs open, and thereafter, the court heard argument of counsel, both sides asking for costs.

"Courts of equity dispose of the question of costs according to the justice of the case, in the sound discretion of the court; *Nicoll v. Trustees of Town of Huntington,* 1 Johns. Ch. 166; and courts of admiralty follow the same rule." *The Martha,* 16 Fed. Cas., 860, 865 (No. 9,144).

The case of *Nicoll v. Trustees, &c.,* cited in this authority, has the following ruling as to costs, pages 182-3:

"If, then, the plaintiff had probable cause for instituting his suit, and the defendants have been litigating against his claim, without any better claim or title on their part, I think it forms a very reasonable case for the denial of costs on either side.   It is a case of mutual error."

"The libellant having failed as to the most part of the considerable claim made by him against this vessel, is not entitled to recover costs." *The Gomez de Castro,* 10 Fed. Cas., 572, 573 (No. 5,525).

The court found that the libellant had suffered damage through the negligence of the libellee, but was unable to assess the amount of damage for want of evidence.   The libellant had apparently a good cause of action which failed perhaps through an oversight.   The negligence of the libellee justified the action and made it liable for whatever damages might be shown.   None were shown to an exact amount, but still there was evident injury.   It is, I think, a case for a denial of costs to both parties, and so order.